## Patrick Shea & wife *vs.* City of Lowell.

If, in an action to recover for damages sustained by falling upon the ice on a sidewalk, it becomes a question whether the defendants had taken reasonable pains to remove the ice, the plaintiff may show that in other places on the same sidewalk, similarly situated, the ice had been removed with a shovel only.

Tort to recover for a personal injury sustained by the female plaintiff, by falling upon the ice on the sidewalk upon the south side of Merrimack Street, in Lowell.

At the trial in the superior court, before *Rockwell,* J., it appeared that the course of Merrimack Street is nearly east and west, and that the houses upon it prevent the sun from shining upon its southerly sidewalk in winter. To prove that the ice at the place where the injury was received might have been removed with ordinary care and diligence on the part of the defendants, the plaintiffs offered evidence in relation to the state of the sidewalk for a distance of about forty rods, and were allowed to prove, under objection, that the ice at the time of the injury had been entirely cleared from the sidewalk in front of some of the buildings of equal height and similarly situated with that in front of which the accident occurred, and that a few days previous to the injury ice was removed in front of one of said buildings with a shovel only.

The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*A. R. Brown,* for the defendants.

*T. Wentworth,* for the plaintiffs.

Metcalf, J. The court are of opinion that the testimony to which the defendants objected was rightly admitted. The plaintiffs' declaration alleged that the defendants negligently suffered the southerly sidewalk in Merrimack Street to be unsafe, out of repair and covered with ice, whereby the female plaintiff, who was travelling on said sidewalk and using due care, fell and broke her wrist and arm. The answer of the defendants denied that the sidewalk was suffered to be out of repair, and alleged that, before the accident to the female plaintiff occurred, especial

pains and care were taken by the defendants to make the side-walk safe and convenient for travellers, but that it was beyond the power of the defendants to remove the ice therefrom; and that they took extraordinary care to protect the public from the ice.

At the trial the plaintiffs introduced testimony that, in the vicinity of the place in Merrimack Street where the female plain-tiff fell and was injured, the ice had been removed from the side-walk with a shovel only; and the manifest purpose of this tes-timony was to show that the ice where she fell might have been removed if reasonable means had been used by the defendants. We cannot perceive why this testimony was not competent. If the ice was, for any assignable reason, less easily removable from the place where the accident happened than from other parts of the sidewalk in the vicinity, the defendants had an op-portunity to show such reason and submit it to the considera-tion of the jury. *Exceptions overruled.*